FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 15 2020

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JIMMY TOMPKINS**                                                                              **PLAINTIFF**

vs.                                     No. 4:20-cv-1237-BSM

**K & U PROPERTIES, INCORPORATED,**                             **DEFENDANTS**
**and CONWAY MANAGEMENT, INC.**

This case assigned to District Judge Miller
and to Magistrate Judge Ray

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jimmy Tompkins ("Plaintiff"), by and through his attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants K & U Properties, Incorporated, and Conway Management, Inc. (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is an action brought by Plaintiff against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

3. Plaintiff also brings this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, *et seq.* ("EPSLA").

4. Plaintiff seeks a declaratory judgment, monetary damages, reinstatement and a reasonable attorney's fee and costs as a result of Defendant's failure to provide paid sick time and Defendant's unlawful termination of Plaintiff under the EPSLA.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the EPSLA.

6. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action under the FLSA; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant's principal place of business is within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8. Plaintiff is an individual and resident of Conway County.

9. Separate Defendant K & U Properties, Incorporated ("K & U Properties"), is a domestic, for-profit corporation.

10. K & U Properties's registered agent for service is Conway Management, Inc., at 1055 Steel Avenue, Suite 120, Conway, Arkansas 72032.

11. Separate Defendant Conway Management, Inc. ("Conway Management"), is as domestic, for-profit corporation.

12. Conway Management's registered agent for service is Kantilal Patel at 1055 Steel Avenue, Suite 120, Conway, Arkansas 72032.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

15. Upon information and belief, the revenue generated from K & U Properties and Conway Management was merged and managed in a unified manner.

16. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

17. K & U Properties acted as the employer of Plaintiff and has been engaged in interstate commerce as that term is defined under the FLSA.

18. Conway Management acted as the employer of Plaintiff and has been engaged in interstate commerce as that term is defined under the FLSA.

19. Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

20.     Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

21.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22.     Defendants own and operate a Holiday Inn Express in Conway.

23.     Defendants employed Plaintiff from January of 2020 to June of 2020.

24.     Specifically, Defendants employed Plaintiff as an hourly-paid maintenance worker.

25.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

26.     At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

27.     Plaintiff regularly worked over forty hours per week.

28.     Plaintiff estimates he worked between fifty and sixty hours per week.

29.     Plaintiff clocked in and out on a paper punch card.

30.     However, Defendants regularly shaved Plaintiff's hours so that Plaintiff was only paid for forty hours or around forty hours per week.

31. Defendants failed to pay Plaintiff a lawful overtime wage for all hours worked over forty each week.

32. Defendants knew or should have known that Plaintiff was working additional hours off-the-clock for which he was not compensated.

33. At all relevant times herein, Defendants have deprived Plaintiff of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

35. In June of 2020, Plaintiff began manifesting many of the symptoms associated with COVID-19.

36. Plaintiff provided Defendants with a doctor's note stating that he should not go into work from June 1 until June 11.

37. However, on June 11, Plaintiff was still experiencing COVID-19-like symptoms, and he returned to the doctor, who excused his absence from June 11 until June 23 and provided him with another doctor's note.

38. Plaintiff spoke with Defendants on June 11 or June 12 to notify them of his extended leave of absence.

39. On or around June 15, Plaintiff went to Defendants' hotel to deliver the second doctor's note, at which time Defendants told him they had "turned in his resignation." Plaintiff stated he was not resigning. Defendants then terminated Plaintiff's employment.


Page 5 of 10
Jimmy Tompkins v. K & U Properties, Incorporated, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-___
Original Complaint

## V.     FIRST CLAIM FOR RELIEF—FLSA Violation

40.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

44.    Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

45.    Defendant failed to pay Plaintiff for all hours worked, including one and one-half times his regular rate for all hours worked in excess of forty hours per week.

46.    Defendant knew or should have known that its actions violated the FLSA.

47.    Defendant's conduct and practices, as described above, were willful.

48.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

49.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result

thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.   SECOND CLAIM FOR RELIEF—AMWA Violation

51. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

52. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

53. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

54. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

55. Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

56. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

57. Defendant knew or should have known that its practices violated the AMWA.

58. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

### VII.   THIRD CLAIM FOR RELIEF—EPSLA Violation

60. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the EPSLA, 29 U.S.C. § 5101, *et seq.*

62. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the EPSLA, 29 U.S.C. § 5110(2).

63. At all relevant times, Plaintiff was an "employee" within the meaning of the EPSLA, 29 U.S.C. § 5110(1).

64. Section 5102 of the EPSLA requires employers to provide paid sick leave to each full-time employee for up to eighty hours. Any employer who fails to provide paid sick leave shall be considered to have failed to pay minimum wages in violation of the FLSA.

65. Section 5104 of the EPSLA states that it is unlawful for any employer to terminate the employment of or discriminate in any other manner against any employee who takes leave in accordance with EPSLA. Any employer who willfully violates Section 5104 shall be considered to have unlawfully retaliated against the employee under the FLSA, and shall be liable for such legal or equitable relief as may be appropriate, including

without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional amount as liquidated damages.

66. Defendants failed to pay Plaintiff sick leave, despite Plaintiff's entitlement thereto.

67. Defendants terminated Plaintiff in violation of Section 5104 of the EPSLA.

68. Defendants knew or should have known that their practices violated the EPSLA.

69. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the EPSLA.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jimmy Tompkins respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Declaratory judgment that Defendant's practices alleged in this Complaint violate the EPSLA and its related regulations;

C. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.  Judgment for damages suffered by Plaintiff for all unpaid minimum wages under the EPSLA and its related regulations;

E.  Judgment for damages suffered by Plaintiff for lost wages under 29 U.S.C. § 215(b);

F.  Reinstatement of Plaintiff to his former employment under 29 U.S.C. § 215(b);

G.  Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, the EPSLA and their related regulations;

H.  An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

I.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JIMMY TOMPKINS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com